Henry WARE, Jr. and Charles Edward
Parker, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–17344.

Court of Criminal Appeals of Oklahoma.

May 24, 1972.

Don Anderson, Public Defender, Okla-
homa County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., for de-
fendant in error.

BUSSEY, Presiding Judge:

Appellants, Henry Ware, Jr. and Charles Edward Parker, hereinafter referred to as defendant Ware and defendant Parker, were charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Carrying a Pistol, After Former Convictions of Felonies; their punishments were fixed at terms of ten (10) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to give a detailed statement of facts. Suffice it to say two Oklahoma City Police Officers answered a call to the 700 Block of North Lindsey about 9:30 p. m. on June 19, 1971. They observed a large crowd gathered and two persons were fighting. Someone in the crowd said there was a gun in the car occupied by the two defendants. The officers approached the car and saw a bottle of wine between the legs of the driver, defendant Ware. Defendant Parker was in the front passenger seat and the other officer observed a pistol on the floorboard between the defendant Parker's legs. Defendants were placed under arrest and upon questioning, both denied any knowledge of the gun.

For the defendants, Harold Scott testified that he and Robert Briggs were the persons fighting on the night in question. He testified that prior to leaving the defendants' car, he placed the gun under the front seat because he was afraid that he would get in trouble if he fought Briggs with a gun in his pocket. He testified that neither defendant knew that he had the gun nor did he tell them that he had placed it under the front seat. He testified

that at the police station he told the officers he did not know whose gun it was because he did not want to be charged himself.

The first proposition asserts that the jury was improperly instructed by the court's answer to the jury question. This proposition is well taken. The record reflects the jury asked the court the following question in writing: "Are the defendants breaking the law if they are unaware that the gun was in the car?" The court supplied the following answer in writing: *"Yes.*

'Knowledge' is nothing more than a man's belief and may consist of credible information on material facts and circumstances. Sufficient in content and quality to generate a reasonable belief." (Emphasis Added) We are of the opinion that this is an improper statement of law and highly prejudicial to the defendants. The judgments and sentences are accordingly reversed and remanded.

Reversed and remanded.

SIMMS and BRETT, JJ., concur.